# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

CIRON B. SPRINGFIELD,

    Plaintiff,

vs.

C. FIBER, et al.,

    Defendants.

No. 2:18-CV-1063-KJM-CMK-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On June 18, 2018, the court determined that plaintiff's complaint was appropriate for service and directed plaintiff to submit documents for service by the United States Marshal. Specifically, plaintiff was directed to submit all of the following documents: (1) a completed Notice of Submission of Documents form, provided by the court; (2) one completed summons, provided by the court; (3) two completed USM-285 forms, also provided by the court; and (4) three copies of endorsed complaint, one of which was provided by the court and included with the June 18, 2018, order served on plaintiff. Plaintiff was warned that failure to submit the required documents may result in dismissal of this action for lack of prosecution and failure to

1

comply with court rules and orders.  See Local Rule 110.  On July 2, 2018, plaintiff submitted the court-provided Notice of Submission of Documents as well as the completed summons and USM-285 forms.  Plaintiff did not, and to date still has not, submitted any copies of the endorsed complaint.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to submit service documents as directed, the court finds that dismissal of this action is appropriate.  In particular, plaintiff has made no effort whatsoever to provide the court with the required three copies of the endorsed complaint, despite having already been provided one copy by the court.  Plaintiff's complaint is lengthy and, if the court set the precedent of allowing non-compliance in this case, it would soon face the same result in all pending prisoner cases.  The court simply does not have the resources, nor it is inclined as a matter of policy, to set such a precedent.

/ / /

/ / /

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

**If plaintiff submits to the court the three required copies of the endorsed complaint within the 30 days provided herein for objections, the court will vacate these findings and recommendations and direct service of process by the United States Marshall.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 30 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 17, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE