# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD, | No. 2:18-CV-1063-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| C. FIBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. On March 11, 2019, the court adopted findings and recommendations filed by the magistrate judge on July 18, 2018, ECF No. 13, and dismissed this action "without prejudice, for lack of prosecution and failure to comply with court rules and orders." ECF No. 16 at 2. Judgment was entered on the same day. ECF No. 17. On March 25, 2019, plaintiff timely filed a notice of appeal from the judgment. ECF No. 18. The appeal was processed to the United States Court of Appeals for the Ninth Circuit, ECF No. 19, and has been assigned USCA Case Number 19-15554. ECF No. 20.

On March 27, 2019, the court of appeals referred the matter to this court for the limited purpose of determining whether plaintiff's in forma pauperis status should continue on appeal. The notice provides in relevant part:

/////

1

> If the district court elects to revoke in forma pauperis status, the district court is requested to notify this court and the parties of such determination within 21 days of the date of this referral. If the district court does not revoke in forma pauperis status, such status will continue automatically for this appeal pursuant to Fed. R. App. P. 24(a).

ECF No. 21. This court did not revoke plaintiff's in forma pauperis within the twenty-one day period in the court of appeals' referral notice and will not do so in this order.

On April 12, 2019, plaintiff filed a motion for reconsideration and request to open the case in this court. ECF No. 22. On April 19, 2019, plaintiff filed a request for a copy of his complaint. ECF No. 23. Plaintiff's pending appeal deprives the court of jurisdiction over his motion for reconsideration. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, in accordance with Federal Rule of Civil Procedure 62.1(a)(3), for the reasons explained in this order, this court by this order states that it would grant plaintiff's motion for reconsideration if the court of appeals remands the matter for this purpose.

Plaintiff's case was dismissed without prejudice for failure to prosecute and failure to comply with court rules and orders. Specifically, plaintiff failed to timely provide three copies of his complaint for service of process as required by the magistrate judge's June 18, 2019 order. Plaintiff did, in response to that order, provide the other documents required by that order, including one completed summons form and two completed USM-285 forms, also provided by the court. Plaintiff filed objections, on paper, to the findings and recommendations. ECF No. 14. Plaintiff stated that he was submitting the three copies of the complaint with his objections. *Id.* at 2. Only one copy of the complaint is scanned into the record with the objections. *See* ECF No. 14, *passim.* In his motion for reconsideration, plaintiff again contends he submitted three copies of the complaint with his objections. ECF No. 22 at 3. Since implementation of the Court's Electronic Case Filing (ECF) system, court staff has scanned pro se prisoner documents that are filed on paper into the court record. In consultation with the Clerk of Court, the court has

determined that clerk's office staff may have, consistent with policy, scanned only one copy of the complaint into the record and discarded additional copies as duplicative.  For that reason, the court credits plaintiff's assertion, made first in his objections and repeated in his motion for reconsideration, that he did send three copies of the complaint to the court with his objections and the court will, if this action is remanded, granted plaintiff's motion for reconsideration, direct that this case be reopened, and refer the matter back to the assigned magistrate judge for service of process and further proceedings.

Plaintiff is hereby informed of the requirement of Fed. R. Civ. P. 62.1(b), which provides as follows:

> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(b).  For current purposes, plaintiff is the movant within the meaning of this rule.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of this order on plaintiff and to send a courtesy copy of this order to the Pro Se Unit at the United States Court of Appeals, re: USCA Case Number 19-15554.

DATED:  July 15, 2019.

_____
UNITED STATES DISTRICT JUDGE